Blair R. Jackson (9839)
API Law, PLLC
2551 N. Rampart Blvd., Suite 372
Las Vegas, Nevada 89128
Telephone: (725) 209-5889
brj@api.law

Christopher A. Lund (12435)
300 South Fourth Street, Suite 1550
Las Vegas, NV 89101
Telephone: (702) 577-9361
tlund@grsm.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| VANILLA CHIP LLC, a Nevada limited liability company, d/b/a TruHeight<br>Plaintiff,<br><br>v.<br><br>YULIIA SIKOTOVSKA, individually d/b/a SOLACEROOT STORE,<br>Defendant. | **CASE NO:** 2:26-cv-03627<br><br>**COMPLAINT FOR FALSE ADVERTISING UNDER LANHAM ACT** |

Plaintiff Vanilla Chip LLC d/b/a TruHeight ("TruHeight") alleges as follows:

## NATURE OF THE ACTION

1. This action challenges specific false or misleading commercial advertising for SOLACEROOT height-related dietary supplements concerning product qualities, safety, and efficacy. TruHeight seeks relief for commercial injury caused by the identified misrepresentations.

## PARTIES

2. Plaintiff Vanilla Chip LLC is a Nevada limited liability company with its principal place of business at 5573 San Florentine Avenue, Las Vegas, NV 89141, and does business as TruHeight.

3. Defendant Yuliia Sikotovska is identified in Amazon's seller disclosure as the individual operating 'SOLACEROOT STORE' (seller ID AOHXEOZ6T2ZQK). She has an address of Flat 3, Housing A, 54 Mykhaila Lomonosova Street, Ternopil 46002, Ukraine.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1121 because this action arises under the Lanham Act, 15 U.S.C. § 1125(a).

5. This Court has personal jurisdiction over Defendant, including Defendant’s purposeful direction of advertising and sales into the United States and this District related to the challenged conduct.

6. Venue is proper under 28 U.S.C. § 1391 based on Defendant’s conduct directed to this District and sales of the accused product through Amazon to purchasers in this District

**FACTUAL ALLEGATIONS**

7. TruHeight markets pediatric and adolescent nutritional supplements through its website, Amazon, and other sales channels, including TruHeight Growth Gummies (ASIN B087QR7D1H) and TruHeight Growth Capsules (ASIN B08MWFRP25).

8. Defendant sells Height Growth Gummies with Melatonin (ASIN B0G26LVLBF) on Amazon at https://www.amazon.com/dp/B0G26LVLBF ('Product A').

9. The parties’ products directly compete in the nutritional supplements segment targeting children and adolescents.

10. As of October 7, 2026, the Amazon listing for Product A showed an in-stock offer by Defendant.

11. As of October 7, 2026, Defendant advertised Product A on Amazon with the following statements:

a. "Height Growth Gummies with Melatonin - Kids Sleep Gummies with Ashwagandha … Grow Taller Supplement - Natural Sleep Aid - Growth Gummies for Night - 1 mg Melatonin"

b. "HEIGHT GROWTH IN YOUR SLEEP … KIDS 5+"

c. "Healthy Sleep = Healthy Growth … HEIGHT GROWTH … SAFE AND EFFECTIVE FOR AGES OVER 5+ YEARS"

d. "Fall Asleep Faster … Strong Bones … Growth Factor"

e. "KIDS GROW THE MOST DURING DEEP SLEEP … When kids go to sleep early, their bodies can fully recover, recharge, and grow taller and stronger."

f. "PREMIUM GROWTH ENHANCER … SCIENTIFICALLY DEVELOPED & PROVEN FORMULA TO STRENGTHEN THE BONE DENSITY & PROMOTE BODY HEIGHT GROWTH"

g. "GROW TALLER WHILE YOU'RE ASLEEP Made for kids' daily wellness."

h. "MAXIMUM GROWTH SPEED IN 6 MONTHS* … 3-6MONTHS Your child reaches & overcomes their maximum growth potential. … 1-30 DAYS A child's body starts absorbing and using the nutrients. Bone density is increasing."

i. "Melatonin helps kids fall asleep faster and stay asleep longer, supporting natural growth hormone release. … Safe and effective for ages over 5+ years"

j. "Melatonin Drug-free & non-habit forming to help your child feel rested"

k. "These heightener gummies - natural height growth supplement supports a sense of alignment for those pursuing steady height growth intentions"

l. "Blending these gummies with melatonin for teens and ashwagandha for kids … supporting their growth."

12. These statements appeared on Product A packaging, listing images, sponsored advertisements, or other locations within the Amazon listing, as shown in Exhibit A.

13. Defendant created, approved, or caused publication of these statements.

14. Read together, the statements convey that child and teen users will grow taller while they sleep, and will reach and even exceed their maximum growth potential within three to six months, through Product A use.

15. The messaging expressly targets children as young as five and teens ("**KIDS 5+**", "**SAFE AND EFFECTIVE FOR AGES OVER 5+ YEARS**", "**melatonin for teens**") and does not limit the promise of height growth to individuals with open growth plates.

16. These representations are false as to older teens with fused growth plates. Nutritional supplementation cannot cause longitudinal bone growth in such individuals, and any claimed bone density effect is distinct from increased skeletal height.

17. These representations are also false or misleading as to children. Nutritional supplementation cannot cause longitudinal bone growth in teens and children, and a sleep aid cannot cause a child to exceed his or her maximum growth potential.

18. Defendant also represents that Product A is a "**SCIENTIFICALLY DEVELOPED & PROVEN FORMULA TO STRENGTHEN THE BONE DENSITY & PROMOTE BODY HEIGHT GROWTH**," which is false because Defendant lacks

competent and reliable scientific evidence substantiating these claims. Product A's Supplement Facts panel lists no calcium or other bone-building mineral, consisting instead of B vitamins, vitamins D3 and K2, melatonin, ashwagandha root extract, and lemon balm extract.

19. The unqualified "**SAFE AND EFFECTIVE FOR AGES OVER 5+ YEARS**" and "**Drug-free & non-habit forming**" claims are false or misleading because they categorically represent the absence of adverse effects without substantiation, for a nightly melatonin and ashwagandha product marketed to children as young as five without pediatric dosing guidance or a physician-consultation warning.

20. Considered together, "**KIDS 5+**" with promises of "**HEIGHT GROWTH IN YOUR SLEEP**," to "**GROW TALLER WHILE YOU'RE ASLEEP**," and a "**PROVEN FORMULA**" to "**PROMOTE BODY HEIGHT GROWTH**" communicates that children can obtain increased skeletal height using Product A.

21. The "**MAXIMUM GROWTH SPEED IN 6 MONTHS**" and "**3-6MONTHS Your child reaches & overcomes their maximum growth potential**" statements promise a specific, time-bound increase in skeletal height in children without qualification, conveying a measurable efficacy claim rather than subjective puffery.

22. The advertising is demonstrably false for both adults (whose growth plates are closed) and children (whose growth occurs over many years).

23. These representations are material because they concern efficacy and safety—key factors in consumers' purchasing decisions for nutritional supplements.

24. Defendant disseminated these representations to prospective purchasers through the publicly available Amazon listing to induce purchases of Product A.

25. Defendant advertised and sold Product A in interstate commerce competing with Plaintiff's product.

26. Defendant's false advertising caused commercial injury to TruHeight, including diverted sales, price erosion, consumer confusion regarding efficacy, and harm to business reputation.

27. The challenged representations materially influenced purchasing decisions because consumers encountered and relied on them in the Amazon listing when assessing efficacy and safety.

28. The connection between the false advertising and TruHeight's injury is evidenced by Defendant's undercutting price placement among kids and teens vitamin listings on Amazon and the prominence of the challenged claims.

29. On August 27, 2026, TruHeight sent a cease-and-desist demand regarding the challenged claims.

30. Defendant did not respond by the September 6 deadline or provide substantiating clinical evidence or safety support information that was relied on in making the asserting in the product advertising.

31. The challenged advertising remained available as of filing, and TruHeight continues to suffer the injuries described above.

32. Defendant's Product A appears in search results for "height" or "growth" supplements for children and teens on Amazon, further demonstrating direct competition.

**33.** As a proximate result of Defendant's false or misleading advertising, TruHeight has been harmed in an amount to be determined at trial.

**COUNT I — FALSE ADVERTISING**

**Lanham Act § 43(a)(1)(B), 15 U.S.C. § 1125(a)(1)(B)**

34. In commercial advertising and promotion, Defendant made the specified false or misleading representations of fact about the nature, characteristics, or qualities of Product A, and disseminated them to prospective purchasers as described above.

35. Defendant's representations were literally false, or, in context, were misleading and actually deceived or had a tendency to deceive a substantial segment of the audience.

36. The claim is based on the affirmative falsity and misleading net impression of the identified statements, not solely on a lack of substantiation.

37. The deception was material to purchasing decisions and occurred in interstate commerce through the Amazon marketplace as alleged.

38. The identified advertising proximately caused TruHeight's commercial injury, including lost sales and harm to commercial reputation, in amounts to be proven at trial.

39. Defendant's offending conduct is ongoing or likely to recur absent injunctive relief.

40. TruHeight seeks injunctive relief under 15 U.S.C. § 1116 and monetary relief under 15 U.S.C. § 1117(a), subject to proof and equitable principles.

**PRAYER FOR RELIEF**

Plaintiff requests the following relief:

A. Enjoin Defendant from publishing the specific false or misleading representations identified herein;

B. Require Defendant to remove or correct advertising within their control and to request correction of content they supplied to Amazon;

C. Award Plaintiff its damages and Defendant's profits attributable to the violation;

D. Award pre- and post-judgment interest as permitted by law;

E. Award reasonable attorney's fees under 15 U.S.C. § 1117(a); and

F. Grant such other appropriate relief as the Court deems just.

Dated: October 30, 2026

API LAW, PLLC

/s/ Blair R. Jackson
Blair R. Jackson (No. 9839)
Counsel for Vanilla Chip LLC
d/b/a TruHeight